IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TORNELLO FONTAINE PIERCE EL-BEY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 1:11CV413 |
| CITY OF THOMASVILLE, WAYNE L. MICHAEL, CITY OF THOMASVILLE POLICE DEP'T, MARLENE HAMMOND, C.S. LEONARD, NC DIVISION OF MOTOR VEHICLE, MICHAEL/ MIKE ROBERTSON, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on the Motion to Dismiss filed by Defendants NC Division of Motor Vehicle and Michael/Mike Robertson [Doc. #9], the Motion to Dismiss filed by Defendants Marlene Hammond and Wayne L. Michael [Doc. #17], and the Motion to Dismiss filed by Defendants City of Thomasville, City of Thomasville Police Dep't, and C.S. Leonard [Doc. #24]. Defendants have also filed Motions for Sanctions [Doc. #19, #35], Motions to Strike [Doc. #23, #31, #44, #45, #49, #50, #53], and a Joint Motion for Extension of Time [Doc. #42].

Plaintiff has filed several *pro se* motions including a Motion for Summary Judgment [Doc. #37], a Motion for Judgment on the Pleadings [Doc. #39], a Motion for Removal of Magistrate

Judge [Doc. #13], Motions to Compel [Doc. # 14, #22], and other miscellaneous motions [Doc. #29, #30, #33, #34].

Having reviewed this matter, the Court will allow Defendants City of Thomasville, City of Thomasville Police Dep't, and C.S. Leonard to file additional briefing as to their Motion to Dismiss [Doc. #24]. In addition, the Court recommends that the Motion to Dismiss filed by Defendants NC Division of Motor Vehicle and Michael/Mike Robertson [Doc. #9], the Motion to Dismiss filed by Defendants Marlene Hammond and Wayne L. Michael [Doc. #17] be granted, and Plaintiff's dispositive motions should be denied. The remaining motions will be denied because they are either moot or lack merit.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff is a frequent litigator in this Court and claims to be an "Aboriginal Indigenous People" not subject to the laws of the United States. (Pl.'s Compl. [Doc. #1].) He is proceeding *pro se* in this civil rights action. He names as Defendants the City of Thomasville, the City of Thomasville Police Department, Thomasville police officer C.S. Leonard, the North Carolina Division of Motor Vehicles (DMV), Commissioner Robertson of the DMV, state court judge Wayne Michael, and state court magistrate Marlene Hammond. (Id.)

Plaintiff alleges that he surrendered his North Carolina driver's license to the Burlington, N.C., branch of the DMV in November 2008, and received an identification card. (Id. at 2.) Defendant Officer Leonard stopped the vehicle Plaintiff was driving on May 3, 2011. (Id. at 4.) When Defendant Leonard asked Plaintiff for his driver's license and vehicle registration, Plaintiff gave the officer his "Diplomat/Right to Travel Identification." (Id.) Defendant Leonard

-2-

arrested Plaintiff for driving while his license was suspended or revoked, searched Plaintiff's car, and towed it away from the scene of the traffic stop. (Id. at 4-5.) Defendant Hammond set a $20,000 bond for Plaintiff for the suspended license and other offenses. (Id. at 5.) Plaintiff posted bail and eventually appeared before Defendant Judge Michael, but according to Plaintiff his case was postponed until another date. (Id.)

Plaintiff's Complaint includes 24 causes of action. Plaintiff captions his Complaint as an "action of trespass" and "action of genocide." (Compl. [Doc. #1] at 1.) Many of Plaintiff's claims are nonsensical, however the Court liberally construes Plaintiff's Complaint to raise the following causes of action. Plaintiff claims that the Defendants have violated declarations of the United Nations and treaties of the United States in Causes of Action 1, 2, 4, 6, 15, and 24. He claims violations of federal criminal statutes in Causes of Action 8, 11, 14, 17, 19, 20, 21, 22, and 23. He claims violations of certain amendments to the Constitution in Causes of Action 13, 16, and 18. In Plaintiff's Fifth Cause of Action, he alleges that Defendants violated 28 U.S.C. § 1609 (2006), which provides immunity from attachment and execution for the property of a foreign state. Plaintiff's remaining causes of action are for engaging in the "slave trade" (Third Cause of Action), for fraud (Seventh Cause of Action), for trespass (Ninth Cause of Action), for intentional infliction of emotional distress (Tenth Cause of Action), and for identity theft, copyright violation, and a violation of the Privacy Act (Twelfth Cause of Action).

II.  DISCUSSION

   A.  Standard

A plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

   B.  Defendants Robertson and the North Carolina Division of Motor Vehicles

Defendants Robertson and the North Carolina Division of Motor Vehicles move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6), among other bases. (Br. in Supp. of Mot. to Dismiss [Doc. #10].) Plaintiff fails to allege any facts against Defendant Robertson in his Complaint. Therefore, Plaintiff has failed to allege facts stating a claim upon which relief may be granted against him. See Iqbal, 129 S. Ct. at 1949. In his Complaint, Plaintiff describes his interaction with the North Carolina Department of Motor Vehicles, such as surrendering his license, but these facts also fail to state a claim upon which relief may be granted. Therefore, dismissal of all claims against the DMV is required by Iqbal.

All claims against Defendants Robertson and the DMV should be dismissed.

C.  Defendants Michael and Hammond

Defendant Judge Michael and Magistrate Hammond move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). (Memo. in Supp. of Mot. to Dismiss [Doc. #18].) All of the facts alleged against these Defendants show that any action they took was in their official judicial capacities as state court judges. Thus, they are entitled to absolute immunity against damages. Stump v. Sparkman, 435 U.S. 349 (1978); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (magistrates are judicial officers entitled to absolute immunity). Moreover, although Plaintiff seeks declaratory and injunctive relief in this action, none of Plaintiff's alleged facts support the issuance of injunctive or declaratory relief against these two Defendants. Therefore, dismissal of all claims against them is appropriate pursuant to Rule 12(b)(6).

All claims against Defendants Michael and Hammond should be dismissed.

D.  Defendants City of Thomasville, Thomasville Police Department, and Officer Leonard

The City of Thomasville Defendants (City of Thomasville, Thomasville Police Dep't, and Officer Leonard) move to dismiss pursuant to Rule 12(b)(6). (Br. in Supp. of Mot. to Dismiss [Doc. #25].) Defendant City of Thomasville Police Department argues that all claims against it must be dismissed because it lacks the legal capacity to be sued. (Id. at 5-6.) North Carolina law controls on this issue, and in North Carolina a municipal agency is not an entity that may be sued. See Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981) (capacity of governmental body to be sued governed by state law); Wright v. Town of Zebulon, 688 S.E.2d 786, 789 (N.C.

Ct. App. 2010) (municipal police department is component of municipality and lacks capacity to be sued). Therefore, all claims against the City of Thomasville Police Department should be dismissed.

Defendant Officer Leonard and the City of Thomasville move to dismiss on several grounds. They argue that Plaintiff's allegations are so conclusory that they fail to meet the Iqbal standard and are otherwise legally not viable. (Br. in Supp. of Mot. to Dismiss [Doc. #25] at 6-9, 15-20.) First, Plaintiff's claims based upon alleged violations of the United States' criminal code (Causes of Action 8, 11, 14, 17, 19, 20, 21, 22, and 23) may not be brought by him because the statutes give no indication that a private right of action exists pursuant to them. Plaintiff must consult with the United States Attorney's Office, and that office must decide whether to prosecute for a violation of such statutes. See Doe v. Broderick, 225 F.3d 440, 447-448 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'") (quoting Cort v. Ash, 422 U.S. 66, 80 (1975)). Therefore, these causes of action should be dismissed because they fail to state a claim upon which relief may be granted.

Plaintiff bases a number of his causes of action upon declarations of the United Nations and treaties of the United States. (Causes of action 1, 2, 4, 6, 15, and 24.) Plaintiff, as a purported member of the Washitaw Nation, has no right of action pursuant to such declarations and treaties. El-Bey v. North Carolina Bd. of Nursing, No. 1:09CV753, 2009 WL 5220166 (M.D.N.C. Dec. 31, 2009) (unpublished) (citing cases rejecting recognition of the Washitaw Nation). This lack of recognition of the Washitaw Nation also undermines Plaintiff's Fifth

Cause of Action in which he alleges that Defendants violated 28 U.S.C. § 1609 (2006), which provides immunity from attachment and execution for the property of a foreign state. These causes of action should be dismissed pursuant to Rule 12(b)(6).

Three of Plaintiff's causes of action are based upon Constitutional amendments. His Thirteenth Cause of Action alleges a violation of the Ninth Amendment by "deny[ing]/disparag[ing] of rights." (Pl.'s Compl. [Doc. #1] at 9.) This is a purely conclusory allegation which is subject to dismissal under Iqbal. Further, the Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. This amendment does not provide any specific constitutional guarantees. Strandberg v. City of Helena, 791 F.2d 744, 748-49 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."); El-Bey v. City of Charlotte, No. 3:11CV131, 2011 WL 4757653 (W.D.N.C. May 17, 2011) (unpublished) (same).

Plaintiff alleges a violation of the Eighth Amendment's prohibition on excessive bail and fines in his Sixteenth Cause of Action. (Pl.'s Compl. [Doc. #1] at 10.) Plaintiff fails, however, to allege any facts which might support such a claim against either Defendant Officer Leonard or the City of Thomasville. Plaintiff's allegations of excessive bail are directed toward Defendant Hammond, who is protected by absolute judicial immunity. (Id. at 5.) Therefore, this cause of action should be dismissed pursuant to Iqbal.

In his Eighteenth Cause of Action, Plaintiff alleges that Defendants violated the Fourth Amendment or his "right . . . to be secure." (Id. at 10.) Again, Plaintiff fails to link any alleged facts with this cause of action. Plaintiff may be referring to his allegation that Defendant Leonard searched his car without a warrant and had it towed to another location away from the traffic stop. (Id. at 5.) Plaintiff's Complaint reveals that he did not produce a valid driver's license or vehicle registration to Defendant Officer Leonard when asked for those documents. (Pl.'s Compl. [Doc. #1] ¶¶ 6-8.) Therefore, the towing of Plaintiff's vehicle from the scene of the traffic stop was reasonable pursuant to the community caretaking doctrine and was not a Fourth Amendment violation. See United States v. Arias, No. 09CR6126, 2010 WL 2593933 (W.D.N.Y. June 17, 2010) (unpublished) (citing cases for proposition that towing vehicle appropriate when driver is unlicensed).

Defendants further argue that the search of Plaintiff's vehicle following his arrest was a proper inventory search and not a violation of the Fourth Amendment. (Br. in Supp. of Rule 12(b)(6) Mot. [Doc. #25] at 18-19.) In this regard, Defendants rely upon United States v. Banks, 482 F.3d 733, 739 (4th Cir. 2007), which recognizes inventory searches as exceptions to the general rule that a warrant must be obtained before conducting a search under the Fourth Amendment. However, such "inventory searches . . . must 'be conducted according to standardized criteria.'" Id. (quoting Colorado v. Bertine, 479 U.S. 367, 374 n.6 (1987)). On this issue, the Court concludes that it would be helpful to obtain additional briefing from Defendants to address this claim. Therefore, the Court will allow Defendants to file a supplemental brief

within 21 days further addressing this claim; Plaintiff will be given 21 days thereafter to file a Response.

The remainder of Plaintiff's causes of action (Causes of Action 3, 7, 9, 10, and 12) fail to state a claim for relief. The Court cannot reasonably infer from Plaintiff's alleged facts that Defendants engaged in the "slave trade" by "selling and trading Ab-original Indigenous people for profit," as Plaintiff alleges in his Third Cause of Action. (Pl.'s Compl. [Doc. #1], at 7.) Plaintiff's allegation of fraud in his Seventh Cause of Action is not supported by sufficient facts. The contention that an officer commits fraud by omitting from the traffic citation an Office of Management and Budget (OMB) control number has been soundly rejected. See El-Bey v. City of Charlotte, 2011 WL 4757653, at 7. Plaintiff's other allegations of fraud, such as that Defendant Officer Leonard stated that Plaintiff was a member of a terrorist group (Pl.'s Compl. [Doc. #1] ¶ 16), or that Defendant Leonard included false charges on Plaintiff's citation (Id. ¶¶ 20, 22), fail to state a claim for relief under North Carolina law. See El-Bay v. City of Charlotte, 2011 WL 4757653 at 7 (listing elements of fraud claim).

Plaintiff alleges "trespass" in his Ninth Cause of Action in that Defendants allegedly attempted to "deprive rights and force a citation/Chattel/Foreign Trade." (Pl.'s Compl. [Doc. #1], at 8.) This claim is nonsensical. Plaintiff mentions "trespass" in the Facts section of his Complaint, however no allegation is made against any particular Defendant and the allegations are purely conclusory in nature. (See Pl.'s Compl. [Doc. #1] ¶¶ 20, 22.) Accordingly, this claim should be dismissed.

Plaintiff fails to allege any facts which would support his claim of intentional infliction of emotional distress in his Tenth Cause of Action. This cause of action should be dismissed pursuant to Iqbal. See El-Bay v. City of Charlotte, 2011 WL 4757653 at 8 (listing elements of tort).

Finally, Plaintiff alleges identity theft, copyright violation, and a violation of the Privacy Act in his Twelfth Cause of Action. Plaintiff alleges that a violation of the Privacy Act of 1974 [5 U.S.C. § 552-552a (2006)] occurred because his social security number was used without his permission. (Pl.'s Compl. [Doc. #1] at 9.) He does not, however, identify who allegedly used it, how it was used, or when it was used. Therefore, this is a conclusory claim subject to dismissal under Iqbal.[1]

With regard to Plaintiff's claims of a copyright violation and identity theft, the only supporting facts for these causes of action appear in paragraph 22 of his Complaint. There, Plaintiff alleges that Defendants committed such acts "by forcing a UNIFORM CITATION (bond), to establish foreign trade." (Pl.'s Comp. [Doc. #1] at 6.) This allegation makes no sense and does not allow this Court to reasonably infer that Defendants have violated Plaintiff's rights in such a manner. Therefore, Plaintiff's claims of copyright violations and identity theft should be dismissed pursuant to Iqbal.

As such, the Motion to Dismiss [Doc. #24] by the City of Thomasville Defendants (City of Thomasville, Thomasville Police Dep't, and Officer Leonard) should be granted, with the sole

---

[1] Plaintiff also fails to allege that any legal right was conditioned on the disclosure of his social security number. Courts that have recognized a private right of action under the Privacy Act require such an allegation to state a viable claim for relief. See Schwier v. Cox, 340 F.3d 1284, 1288 (11th Cir. 2003).

exception that additional briefing should be allowed as to Plaintiff's claim of a Fourth Amendment violation based upon Defendant Leonard's search of Plaintiff's vehicle.

E.   Plaintiff's Dispositive Motions

Given the above discussion, Plaintiff's Motion for Summary Judgment [Doc. #37] and his Motion for Judgment on the Pleadings [Doc. # 39] should be denied. As such, Defendants' Motion for Extension of Time [Doc. #42] to respond to the Motion for Judgment on the Pleadings is moot.

F.   Miscellaneous Motions

Plaintiff has moved for the removal of former U.S. Magistrate Judge Wallace Dixon from this action [Doc. #13]. Magistrate Judge Dixon is now retired. Therefore, Plaintiff's motion is moot. To the extent that Plaintiff objects to the exercise of authority of any magistrate judge, the Court notes that pursuant to 28 U.S.C. § 636, any dispositive motions have been addressed only by way of recommendation, with an opportunity for objections and an ultimate determination by the District Court Judge.

With respect to Defendants' motions for sanctions [Doc. #19, #35] against Plaintiff, the Court notes that a show cause order has been entered for the implementation of a pre-filing injunction against Plaintiff in this District [No. 1:10CV572, Doc. # 39], which is a sufficient sanction against Plaintiff. Finally, the Court concludes that Plaintiff's remaining motions [Doc. #14, #22, #29, #30, #33, #34] are without basis and will be denied, and Defendants' Motions to Strike [Doc. #23, #31, #44, #45, #49, #50, #53] are moot.

III.   CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Dismiss filed by Defendants North Carolina DMV and Mike Robertson [Doc. #9] be GRANTED; that the Motion to Dismiss filed by Defendants Hammond and Michael [Doc. #17] be GRANTED; and that the Motion to Dismiss filed by Defendants City of Thomasville, the Thomasville Police Department, and C.S. Leonard [Doc. #24], be GRANTED with the sole exception that additional briefing should be allowed as to Plaintiff's claim of a Fourth Amendment violation based upon Defendant Leonard's search of Plaintiff's vehicle.

IT IS ORDERED that within twenty-one (21) days of the date of this Order, Defendants City of Thomasville and C.S. Leonard file a supplemental brief with respect to Plaintiff's claim of a Fourth Amendment violation based upon Defendant Leonard's search of Plaintiff's vehicle, with any Response by Plaintiff filed within twenty-one (21) days thereafter. When the briefing is completed, this matter should be referred to the undersigned for further consideration of the Motion to Dismiss as to this claim.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment [Doc. #37] and Plaintiff's Motion for Judgment on the Pleadings [Doc. #39] be DENIED.

IT IS ORDERED that the remaining motions [Doc. #13, #14, #19, #22, #23, #29, #30, #31, #33, #34, #35, #42, #44, #45, #49, #50, #53] are DENIED.

This, the 30th day of March, 2012.

                                                      /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge